Filed 7/5/22 P. v. Torres CA4/2
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075901 |
| v. | (Super.Ct.No. FVI1101609) |
| DAVID JERRY TORRES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County. John M. Tomberlin, Judge. Affirmed in part, remanded with directions in part.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta and Xavier Becerra, Attorneys General, Charles C. Ragland and Julie L. Garland, Assistant Attorneys General, Robin Urbanski and Brendon W. Marshall, Deputy Attorneys General, for Plaintiff and Respondent.

1

# I

## INTRODUCTION

Defendant and appellant David Jerry Torres challenges the trial court's decision declining to exercise its discretion under Penal Code[1] section 12022.53, subdivision (h), to strike his firearm enhancement. He argues the matter should be remanded because the sentencing court failed to orally pronounce the sentence during the resentencing hearing and also because the court did not understand its discretion to impose a lesser included firearm enhancement.

We previously agreed that the matter must be remanded for the court to orally pronounce sentence but disagreed that the court had discretion to impose a lesser uncharged firearm enhancement. The California Supreme Court granted review, S272226, and deferred further action pending consideration and disposition of a related issue in *People v. Tirado*, S257658. The Supreme Court subsequently issued *People v. Tirado* (2022) 12 Cal.5th 688 (*Tirado*), which addressed whether a court may impose a lesser uncharged firearm enhancement under section 12022.53, subdivisions (b) or (c). The Supreme Court transferred the case back to this court with directions to vacate our decision and reconsider the matter in light of *Tirado*. We thereafter vacated our decision filed November 10, 2021, and allowed the parties to file supplemental briefs.

In his supplemental brief, defendant asserts the matter should be remanded for resentencing because the trial court did not understand its discretion to consider whether

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

2

to impose a lesser included firearm enhancement.  Because defendant's case is not yet final and the law has changed since defendant was sentenced, the People agree that the matter should be remanded for resentencing.  We vacate the sentence and remand for resentencing in light of *Tirado*.  In all other respects, the judgment is affirmed.

## II

## PROCEDURAL BACKGROUND[2]

On March 10, 2017, a jury found defendant guilty of murder (§187, subd. (a)), and also found true the firearm enhancement that defendant personally and intentionally discharged a firearm causing death (§ 12022.53, subd. (d)).  The trial court sentenced defendant to state prison for 40 years to life:  15 years to life on the murder conviction and a consecutive 25 years to life for the firearm enhancement.

On December 3, 2018, this court affirmed the judgment, but ordered the matter remanded for resentencing on the firearm enhancement.  We explained "[t]he sentence is vacated and the matter is remanded for resentencing to allow the trial court to exercise its discretion as to whether the firearm enhancement under section 12022.53, subdivision (d), should be stricken pursuant to section 1385." (*Torres I*, *supra*, E069238, at p. 6.)

On July 26, 2019, the People filed a sentencing memorandum asserting that the firearm enhancement should not be stricken.  On that same day, the sentencing court

---

[2] Because the factual background underlying defendant's conviction is unnecessary to our resolution of the limited issue presented in this appeal, we will not recount those details.  The factual details can be found in defendant's prior appeal in case No. E069238. (See *People v. Torres* (Dec. 3, 2018, E069238) [nonpub. opn.] (*Torres I*).)

declined to exercise its discretion to strike the 25-year-to-life firearm enhancement. Specifically, the court stated, "[t]he Court believes that this is not a case that justifies striking and exercising my discretion to strike the 25-year enhancement, so that petition to do so is denied[,]" and "[f]or the record, I should indicate that I think that it was proven that Mr. Torres was indeed the actual person who did the killing—was the person who personally discharged the firearm." The court, however, did not explicitly resentence defendant after refusing to exercise its discretion to strike the firearm enhancement. Defendant subsequently appealed.

On November 10, 2021, we concluded the trial court lacked authority to impose a lesser included firearm enhancement at the resentencing hearing but concluded the matter should be remanded for pronouncement of sentence as the court had failed to orally pronounce a sentence at the resentencing hearing.

On January 19, 2022, the California Supreme Court granted review of this case, and deferred briefing pending the decision in *Tirado*.

The Supreme Court subsequently issued its decision in *Tirado*, *supra*, 12 Cal.5th 688, and on April 27, 2022, transferred this matter back to us with directions to vacate our decision filed November 10, 2021, and reconsider the cause in light of *Tirado*.

On April 29, 2022, we vacated our November 10, 2021, decision, and allowed the parties to file supplemental briefs.

4

III

DISCUSSION

Defendant maintains the matter should be remanded for resentencing because the trial court did not understand it had the ability to reduce his firearm enhancement to an uncharged lesser enhancement in lieu of striking it. The People agree the matter should be remanded for a resentencing hearing in light of *Tirado*. We agree that remand is appropriate for the trial court to exercise its informed discretion.

"Section 12022.53 sets forth the following escalating additional and consecutive penalties, beyond that imposed for the substantive crime, for use of a firearm in the commission of specified felonies, including attempted premeditated murder: a 10-year prison term for personal use of a firearm, even if the weapon is not operable or loaded (*id*., subd. (b)); a 20-year term if the defendant 'personally and intentionally discharges a firearm' (*id*., subd. (c)); and a 25-year-to-life term if the intentional discharge of the firearm causes 'great bodily injury' or 'death, to any person other than an accomplice' (*id*., subd. (d))." (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1124 (*Gonzalez*); see *Tirado*, *supra*, 12 Cal.5th at p. 696; *People v. Morrison* (2019) 34 Cal.App.5th 217, 221 (*Morrison*).) For any of these enhancements to be imposed, the requisite facts must "be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact." (§ 12022.53, subd. (j); *Tirado*, at p. 695; *Gonzalez*, at pp. 1124-1125.)

5

Senate Bill No. 620 amended section 12022.53, subdivision (h), which previously prohibited sentencing courts from striking a firearm enhancement found true under the statute. (*Tirado*, *supra*, 12 Cal.5th at pp. 695-696.) Effective January 1, 2018, subdivision (h) now provides that a sentencing court "may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section." (§ 12022.53, subd. (h); *Tirado*, at pp. 695-696.) After the amendment to section 12022.53, subdivision (h), in *Morrison*, *supra*, 34 Cal.App.5th 217, Division Five of the First Appellate District held that trial courts have "discretion to impose an enhancement under section 12022.53, subdivision (b) or (c) as a middle ground to a lifetime enhancement under section 12022.53, subdivision (d), if such an outcome [is] found to be in the interests of justice under section 1385." (*Morrison*, at p. 223.)

In *Tirado*, our Supreme Court concluded that *Morrison* "correctly described the scope of a trial court's sentencing discretion under section 12022.53." (*Tirado*, *supra*, 12 Cal.5th at p. 697.) The Supreme Court explained that the "statutory framework" of section 12022.53, as amended by Senate Bill No. 620, "permits a court to strike the section 12022.53[, subdivision] (d) enhancement found true by the jury and to impose a lesser uncharged statutory enhancement instead." (*Tirado*, at p. 692.) "To summarize: When an accusatory pleading alleges and the jury finds true the facts supporting a section 12022.53[, subdivision] (d) enhancement, and the court determines that the section 12022.53[, subdivision] (d) enhancement should be struck or dismissed

6

under section 12022.53[, subdivision] (h), the court may, under section 12022.53[, subdivision] (j), impose an enhancement under section 12022.53[, subdivisions] (b) or (c)." (*Tirado*, at p. 700.) The court explained "the Legislature has permitted courts to impose the penalties under section 12022.53[, subdivisions] (b), (c), or (d) so long as the existence of facts required by the relevant subdivision has been alleged and found true." (*Tirado*, at p. 702.)

*Tirado* decisively establishes that the trial court has the discretion to strike the section 12022.53, subdivision (d) enhancement and impose a lesser enhancement under subdivisions (b) or (c) of that section, since by finding the greater enhancement true the jury necessarily found true facts supporting the lesser enhancements. (See *Tirado*, *supra*, 12 Cal.5th at p. 700.) In addition, it is clear the trial court "'proceeded with sentencing on the . . . assumption it lacked [such] discretion.'" (*People v. McDaniels* (2018) 22 Cal.App.5th 420, 425 (*McDaniels*).) At the resentencing hearing, the trial court found that defendant was the actual shooter, and therefore declined to "exercise[e] [its] discretion to strike the 25-year enhancement." As the People note, the trial court's statements indicate that it believed a gun use enhancement was appropriate but fails to suggest the court was aware of its discretion to substitute the section 12022.53, subdivision (d) enhancement with a lesser enhancement, instead of only striking the enhancement. The court did not "clearly indicate[ ]" it would have declined to impose one of the lesser enhancements even if it believed it had discretion to do so. (*McDaniels*, at p. 425.) Therefore, we agree with the parties that a remand is required for the trial

court to exercise its discretion as clarified by *Tirado*. We express no opinion as to how the court should exercise its discretion on remand.

IV

DISPOSITION

Defendant's sentence, imposed on July 26, 2019, is vacated and the matter is remanded for the trial court to consider whether to exercise its discretion to strike the firearm enhancement under section 12022.53, subdivision (d), and impose a lesser enhancement under section 12022.53, subdivision (b) or (c). The judgment is otherwise affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

SLOUGH
J.

8